## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LOUIS GREGORY PELLEGRINO, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO. 1:22-cv-01264 |
| 12-BRAY, LLC, and DWIGHT DAVID HOWARD, | The Honorable William M. Ray, II |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Defendants 12-Bray, LLC and Dwight David Howard ("Defendants") and file their Answer to Plaintiff's Complaint for Damages ("Complaint").

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the allegations in Plaintiff's Complaint are time barred and beyond the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff is estopped from asserting some or all of his claims.

## FOURTH DEFENSE

Defendants did not breach any contractual obligations, and Plaintiff therefore cannot recover on any purported contract.

## FIFTH DEFENSE

Plaintiff is collaterally estopped from asserting all or some of his claims.

## SIXTH DEFENSE

Plaintiff's claims are barred by res judicata.

## SEVENTH DEFENSE

Any duty or obligation, contractual or otherwise, which Plaintiff claims is owed to him has been fully performed, satisfied, or discharged.

## EIGHTH DEFENSE

Any alleged actions by Defendants were made in good faith and in compliance with the Portal-to-Portal Act, 29 U.S.C. § 251, et. seq.

## NINTH DEFENSE

Any alleged act or omission complained of was in good faith, in actual conformity with, and in reliance on applicable written administrative regulations, orders, rulings, approvals, or interpretations of the U.S. Department of Labor or other agency.

## TENTH DEFENSE

Defendants are not covered enterprises or employers under the Fair Labor Standards Act ("FLSA"), and Plaintiff therefore cannot recover under the FLSA on any purported theory of recovery.

## ELEVENTH DEFENSE

Defendants did not violate the FLSA, and Plaintiff therefore cannot recover under the FLSA on any purported theory of recovery.

## TWELFTH DEFENSE

Neither Defendants nor their officers, directors, managers, or agents knew or intended that their acts or omissions, which they deny, were prohibited by the nor did they show reckless indifference to or disregard for the requirements of the FLSA or ratify any such acts or omissions.

## THIRTEENTH DEFENSE

To the extent Plaintiff worked more than his scheduled hours, he did so without Defendants' actual or constructive knowledge and in violation of Defendants' policies.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## FIFTEENTH DEFENSE

Any actions or omissions toward Plaintiff that he complains of were based on good, sufficient, and legal cause, upon reasonable grounds for belief in their truth or justification and were taken in good faith and without malice.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the equitable doctrine of avoidable consequences.

## SEVENTEENTH DEFENSE

To the extent Plaintiff seeks to recover waiting time and/or other statutory penalties, Plaintiff has failed to state a claim for such penalties because Defendants did not willfully or intentionally fail to pay any compensation to Plaintiff.

## EIGHTEENTH DEFENSE

There is a good faith dispute as to Defendants' obligation to pay wages as alleged in the Complaint, which precludes Plaintiff's recovery for waiting time penalties.

## NINETEENTH DEFENSE

Plaintiff has failed to plead facts with sufficient particularity to support a claim for liquidated damages.

### TWENTIETH DEFENSE

Plaintiff may not recover liquidated damages because neither Defendants nor any of their officers, directors, managers, or agents committed any willful violation of the overtime or record-keeping provisions of the FLSA, nor did they ratify any such violation.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because he was properly classified as exempt from the overtime requirements of the FLSA.

### TWENTY-SECOND DEFENSE

Any alleged violation of the FLSA, if any, which Defendants deny, resulted from inadvertence and negligence because at all relevant times Defendants honestly intended to ascertain the FLSA's requirements and comply with them.

### TWENTY-THIRD DEFENSE

Any wages owed, which Defendants deny exist, are subject to allowable deductions or set-off.

### TWENTY-FOURTH DEFENSE

Plaintiff is not legally entitled to punitive damages or attorney's fees and expenses of litigation.

## TWENTY-FIFTH DEFENSE

The damages alleged by Plaintiff and relief sought are speculative in nature.

## TWENTY-SIXTH DEFENSE

Defendants were not the proximate cause or cause in fact of any of Plaintiff's alleged damages.

## TWENTY-SEVENTH DEFENSE

Plaintiff cannot recover for unjust enrichment based on the doctrine of unclean hands.

## TWENTY-EIGHTH DEFENSE

Plaintiff's claim for defamation is barred because the statements allegedly concerning the Plaintiff do not constitute libel or slander nor are such statements defamatory.

## TWENTY-NINTH DEFENSE

Any alleged statements made by Defendants which create the basis for Plaintiff's claim for defamation are statements of truth or opinion.

## THIRTIETH DEFENSE

Defendants raise all affirmative defenses set forth in Fed. R. Civ. P. 8(c) and O.C.G.A. § 9-11-8(c).

**THIRTY-FIRST DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff and/or the decedent to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, duress, estoppel, laches, release, res judicata, statute of limitations, and waiver.

**THIRTY-SECOND DEFENSE**

Defendants reserve the right to reasonably amend these affirmative defenses as needed or as warranted by discovery in this case.

**THIRTY-THIRD DEFENSE**

Defendants respond to the numbered allegations of Plaintiff's Complaint, as follows:

**ANSWER TO JURISDICTION AND VENUE**

1. Defendants deny that they engaged in any unlawful employment practices. Defendants admit that Plaintiff purports to bring claims under the FLSA and for breach of contract, *quantum meruit*, unjust enrichment, defamation, attorney's fees and costs, and punitive damages. Defendants deny any remaining allegations contained in Paragraph 1 of Plaintiff's Complaint and deny that Plaintiff is

entitled to recover from Defendants on any of the grounds alleged in Plaintiff's Complaint.

2. Defendants admit this Court has jurisdiction over Plaintiff's claims.

3. Defendants deny that they engaged in any unlawful employment practices. Defendants admit that venue is proper in the Northern District of Georgia.

## ANSWER TO PARTIES

4. Defendants are without information sufficient to form a belief as to the truth or falsity of the claims in Paragraph 4 of Plaintiff's Complaint, therefore such claims are denied.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are legal conclusions, which require no response.  To the extent a response is required, said allegations are denied.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are legal conclusions, which require no response. To the extent a response is required, said allegations are denied.

7. Denied.

8. Defendants admit that Defendant 12-Bray owns a residential property located at 5200 Moore Road, Suwanee Georgia, 30024-1934. Defendants deny all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

8

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint are legal conclusions, which require no response. To the extent a response is required, said allegations are denied.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint are legal conclusions, which require no response. To the extent a response is required, said allegations are denied.

11. Admitted.

12. Admitted.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are legal conclusions, which require no response. To the extent a response is required, said allegations are denied.

14. Denied.

15. Admitted.

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are legal conclusions, which require no response. To the extent a response is required, said allegations are denied.

## ANSWER TO FACTUAL ALLEGATIONS

17. Denied.

18. Denied.

19. Defendants are without information sufficient to form a belief as to the truth or falsity of the claims in Paragraph 19 of Plaintiff's Complaint, therefore such claims are denied.

20. Defendants are without information sufficient to form a belief as to the truth or falsity of the claims in Paragraph 20 of Plaintiff's Complaint, therefore such claims are denied.

21. Defendants are without information sufficient to form a belief as to the truth or falsity of the claims in Paragraph 21 of Plaintiff's Complaint, therefore such claims are denied.

22. Defendants are without information sufficient to form a belief as to the truth or falsity of the claims in Paragraph 22 of Plaintiff's Complaint, therefore such claims are denied.

23. Defendants are without information sufficient to form a belief as to the truth or falsity of the claims in Paragraph 23 of Plaintiff's Complaint, therefore such claims are denied.

24. Denied as stated.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**ANSWER TO COUNT I**
**FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF THE FLSA**

43. The allegations in Paragraph 43 of Plaintiff's Complaint call for legal conclusions whereas the cited law speaks for itself, and no response is required, but to the extent liability is implied, those allegations are denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**ANSWER TO COUNT II**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA**

52. The allegations in Paragraph 52 of Plaintiff's Complaint call for legal conclusions whereas the cited law speaks for itself, and no response is required, but to the extent liability is implied, those allegations are denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## ANSWER TO COUNT III
## RETALIATION IN VIOLATION OF THE FLSA

64. The allegations in Paragraph 64 of Plaintiff's Complaint call for legal
conclusions whereas the cited law speaks for itself, and no response is required,
but to the extent liability is implied, those allegations are denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## ANSWER TO COUNT IV
## BREACH OF CONTRACT IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA

76. The allegations in Paragraph 76 of Plaintiff's Complaint call for legal conclusions whereas the cited law speaks for itself, and no response is required, but to the extent liability is implied, those allegations are denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## ANSWER TO COUNT V
### *QUANTUM MERUIT*
### (ALTERNATIVE BREACH OF CONTRACT THEORY)
### IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA

84. The allegations in Paragraph 84 of Plaintiff's Complaint call for legal conclusions whereas the cited law speaks for itself, and no response is required, but to the extent liability is implied, those allegations are denied.

85. Defendants admit that Plaintiff provided services to Defendants in some capacity. Defendants deny the remaining allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Denied.

87. Defendants are without information sufficient to form a belief as to the truth or falsity of the claims in Paragraph 87 of Plaintiff's Complaint, therefore such claims are denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

**ANSWER TO COUNT VI**
**UNJUST ENRICHMENT**
**(ALTERNATIVE BREACH OF CONTRACT THEORY)**
**IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA**

92. The allegations in Paragraph 92 of Plaintiff's Complaint call for legal conclusions whereas the cited law speaks for itself, and no response is required, but to the extent liability is implied, those allegations are denied.

93. The allegations contained in Paragraph 93 of Plaintiff's Complaint are legal conclusions, which require no response. To the extent a response is required, said allegations are denied.

94. The allegations contained in Paragraph 94 of Plaintiff's Complaint are legal conclusions, which require no response. To the extent a response is required, said allegations are denied.

95. Defendants admit that Plaintiff provided services to Defendants in some capacity. Defendants deny the remaining allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Denied.

97. Denied.

98. Denied.

## ANSWER TO COUNT VII
## DEFAMATION
## IN VIOLATION OF THE LAWS OF THE STATE OF GEORGIA

99. The allegations in Paragraph 99 of Plaintiff's Complaint call for legal conclusions whereas the cited law speaks for itself, and no response is required, but to the extent liability is implied, those allegations are denied.

100. Defendants admit that Plaintiff provided services to Defendants in some capacity. Defendants deny the remaining allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

## ANSWER TO COUNT VIII
## ATTORNEY'S FEES AND LITIGATION EXPENSES
## PURSUANT TO THE LAWS OF THE STATE OF GEORGIA

108. The allegations in Paragraph 108 of Plaintiff's Complaint call for legal conclusions whereas the cited law speaks for itself, and no response is required, but to the extent liability is implied, those allegations are denied.

109. Defendants admit that Plaintiff provided services to Defendants in some capacity. Defendants deny the remaining allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

## ANSWER TO COUNT IX
## PUNITIVE DAMAGES
## PURSUANT TO THE LAWS OF THE STATE OF GEORGIA

114. The allegations in Paragraph 114 of Plaintiff's Complaint call for legal conclusions whereas the cited law speaks for itself, and no response is required, but to the extent liability is implied, those allegations are denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Any allegations that are not explicitly admitted are hereby denied.

**ANSWER TO UNNUMBERED "PRAYERS FOR RELIEF" PARAGRAPH**

Defendants deny all factual allegations contained in the unnumbered paragraph following the heading "PRAYERS FOR RELIEF" including subparts (a) through (j).

WHEREFORE, Defendants respectfully pray for the following relief:

a) Plaintiff's Complaint be dismissed;

b) All costs be cast upon Plaintiff;

c) Plaintiff be ordered to pay Defendants their reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 11;

d) This case be tried by a jury; and

e) The Court renders such other and further relief that it deems just and proper.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted, this 2nd day of May, 2022.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303-1775
P: (404) 954-5000 /  F: (404) 954-5020
dware@hallboothsmith.com
aaverbuch@hallboothsmith.com

*/s/ Allison C. Averbuch*
R. DAVID WARE
Georgia Bar No. 737756
ALLISON C. AVERBUCH
Georgia Bar No. 275988
*Counsel for Defendants*

**THE PAUL HOWARD LAW FIRM**

920 Dannon View SW, Suite 3202
Atlanta, Georgia 30331
(404) 855-6263
paul@thepaulhowardlawfirm.com

*/s/ Paul L. Howard   (with express
permission)*
PAUL L. HOWARD
Georgia Bar No. 371088
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day submitted the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** to counsel of record by upon all parties to this matter by electronically filing same with the CM/ECF filing system, and that service of the following individuals will be accomplished by the CM/ECF system:

REGINA S. MOLDEN
T. ORLANDO PEARSON
Peachtree Center – Harris Tower, Suite 1245
233 Peachtree Street, NE
Atlanta, Georgia 30303
Email:  rmolden@moldenlaw.com
Email:  topearson@moldenlaw.com

*Counsel for Plaintiff*

This 2nd day of May, 2022.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303-1775
P: (404) 954-5000 /  F: (404) 954-5020
dware@hallboothsmith.com
aaverbuch@hallboothsmith.com

*/s/ Allison C. Averbuch*
R. DAVID WARE
Georgia Bar No. 737756
ALLISON C. AVERBUCH
Georgia Bar No. 275988
*Counsel for Defendants*