**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LOUIS GREGORY PELLEGRINO, | |
| Plaintiff, | |
| vs. | Civ. Action No. 1:22-cv-01264 |
| 12-BRAY, LLC, and DWIGHT DAVID HOWARD, | The Honorable William M. Ray, II |
| Defendants. | **JURY TRIAL DEMANDED** |

**CONSOLIDATED PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the Court except as noted:

Delay trial until Defendant Dwight Howard, II., returns to the United States from his current employment as a professional basketball player in Taoyuan City, Taiwan for the Taoyuan Leopards. The employment ends on June 1, 2023.

2.

All discovery has been completed, unless otherwise noted, and the Court will not consider any further motions to compel discovery.  (Refer to LR 37.1B).

Provided there is no resulting delay in readiness for trial, the Parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence for the use of trial.

Not Applicable.

### 3.

Unless otherwise noted, the names of the Parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any Party as to the misjoinder or non-joinder of any parties.

Not Applicable.

### 4.

Unless otherwise noted, there is no question as to the jurisdiction of the Court; jurisdiction is based on the following Code Sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

Plaintiff: The Court has original jurisdiction, pursuant to (a) 29 U.S.C. §§ 201, et seq., the Fair Labor Standards Act of 1938, as amended, ("FLSA") for unpaid minimum/overtime wages and retaliation, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the pending State law claims for (b) breach of contract, (or

alternatively quantum meruit, unjust enrichment) defamation, litigation expenses,
and punitive damages.

_____

    Defendants: See Attachment D.

_____

    The following individually-named attorneys are hereby designated as lead
counsel for the Parties:

    Plaintiff:  Regina S. Molden, Esq., Molden & Associates

    Defendant:  Paul Howard, Jr. Esq., The Paul Howard Law Firm

_____

_____

5.

    Normally, the Plaintiff is entitled to open and close arguments to the jury.
(Refer to LR 39.3(B)(2)(b)).  State below the reasons, if any, why the Plaintiff should
not be permitted to open arguments to the jury.

    Not Applicable.

_____

6.

    The captioned case shall be tried ( X ) to a jury or (___) to the Court without

a jury, or (___) the right to trial by jury is disputed.

7.

State whether the Parties request that the trial to a jury be bifurcated, *i.e.*, that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

The Parties do not request bifurcation of trial.

_____

8.

Attached hereto Attachment "A" and made a part of this Order by reference are the questions which the Parties request that the Court propound to the jurors concerning their legal qualifications to serve.

9.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on *voir dire* examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on *voir dire* examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on *voir dire* examination.

The Court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

10.

State any objections to Plaintiff's *voir dire* questions:

Not aware of Plaintiff's questions

State any objections to Defendant's *voir dire* questions:

State any objections to the *voir dire* questions of the other parties, if any:

Not Applicable.

11.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the Parties stipulate otherwise.

The Parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. 47(b).

Plaintiff: Not Applicable.

Defendants: If more than three jurors express negative feelings regarding the Dwight Howard, II, or his counsel Paul Howard, Jr., the Defendant would request additional strikes.

12.

State whether there is any pending related litigation.  Describe briefly, including style and civil action number.

Not Applicable.

13.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every

act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

14.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "E" are the facts stipulated by the Parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

16.

The legal issues to be tried are as follows:

Plaintiff: (1) Whether Plaintiff can establish a *prima facie* claim against Defendants for failure to pay overtime and or failure to pay minimum wage; (2) Whether Plaintiff can establish a *prima facie* claim for breach of contract or alternatively for quantum meruit or unjust enrichmnet; (3) What relief or damages, if any, Plaintiff is entitled to receive from Defendants.

Defendants: See Defendants Attachment G-2 and D.

17.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for

the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each Party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each Party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other Parties may rely upon a representation by a designated Party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

18.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other Parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required,

however, to identify all such treatises under a separate heading on the party's exhibit list.

Each Party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each Party's exhibit list for court stamping purposes. A courtesy copy of each Party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to Plaintiff's exhibits, numbered blue stickers to Defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple Plaintiffs or Defendants, the surname of the particular Plaintiff or Defendant shall be shown above the number on the stickers for that Party's exhibits.

Specific objections to another Party's exhibits must be typed on a separate page and must be attached to the exhibit list of the Party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence

may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the Parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

19.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

Not Applicable.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted.  Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

20.

Attached hereto as Attachments "H-1" for the Plaintiff, "H-2" for the Defendant, and "H-3", etc. for other Parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

21.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each Party should attach to the requests to charge a short (not more than one (1) page) statement of that Party's contentions, covering both claims and defenses, which the Court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those

issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

22.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, Parties will propose their separate forms for the consideration of the court.

23.

Unless otherwise authorized by the Court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any Party desire any additional time for argument, the request should be noted (and explained) herein.

Not Applicable.

24.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

25.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the Parties met in person on _____, 2020, to discuss in good faith the possibility of settlement of this case.  The court (_____) has or (_X_) has not discussed settlement of this case with counsel.  It appears at this time that there is:

(_____) A good possibility of settlement.

(___x__) Some possibility of settlement.

(_____) No possibility of settlement.

26.

Unless otherwise noted, the Court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

27.

The Plaintiff estimates that it will require 1-2 days to present his evidence. The Defendant estimates that it will require __2__ days to present his evidence. The other Parties estimate that it will require 0 days to present their evidence.  It is estimated that the total trial time is __4___ days.

28.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_X_) submitted by stipulation of the Parties or (_____) approved by the Court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the Court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any Party or the Court, unless specifically authorized in writing by the Court.

IT IS SO ORDERED this _____ day of February,  2023.

_____

_____ -

UNITED STATES DISTRICT JUDGE

Each of the Undersigned Counsel for the Parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this Court.

/s/Regina S. Molden

Counsel for Plaintiff                          Counsel for Defendants

### **Attachment A**
### **(Parties' Request to Propound Jurors Concerning Legal Qualifications)**

1.   Is anyone NOT a citizen of the United States?

2.   Is anyone under eighteen (18) years of age?

3.   Has anyone NOT resided, for at least one (1) year, primarily in Northern District of Georgia?

4.   Is anyone NOT adequately proficient in the English language, such that you were unable to satisfactorily complete the juror qualification form?

5.   Does anyone have a mental or physical condition that would disqualify you from serving on a jury?

6.   Is anyone currently subject to Felony charges punishable by imprisonment for more than one (1) year?

7.   Has anyone ever been convicted of a Felony and NOT had your civil rights restored?

8.   Is anyone currently serving, on a full-time basis, as a member of the U.S. armed forces on active duty, as a member of any professional fire and/or police department, and/or as a "public officer" of any Federal, State, or Local government who is actively engaged in performance of public duties?

## <u>Attachment B-1</u>
### (Plaintiff's General *Voir Dire* Questions)

**<u>General Questions:</u>**

1.    Have you, a close friend, or family member heard anything (or know anything) about this case before coming to Court today?

2.    Does anyone have a personal interest in the outcome of this case or any interest arising out of any relationship with a party to this case?

3.    Has anyone already formed an opinion about this case, any of the Parties, or who should prevail in this case?

4.    Is there anything about this case that would interfere with your ability to be fair and impartial or apply the law as instructed by the Court?

5.    Does anyone harbor any moral or philosophical beliefs that may prevent you from objectively listening to the evidence presented and applying the law as instructed by the Court?

6.    Does anyone believe that the Plaintiff should prove his case by more than a preponderance of the evidence?

7.    Does anyone have a hardship or condition that would prevent you from serving on this jury?

**<u>Questions Related to Parties, Counsel, and Witnesses:</u>**

8.     Is anyone related by blood or marriage to Plaintiff, Louis Pellegrino?

9.     Anyone here, close friend, or family member consider themselves a friend, colleague, associate, or acquaintance with Louis Pellegrino?

10.    Is anyone related by blood or marriage to Defendant, Dwight Howard?

11.    Anyone here, close friend, or family member consider themselves a friend, colleague, associate, or acquaintance with Defendant, Dwight Howard?

12.    Do any of you know of Defendant's Company, 12 Bray, LLC?

13.    Have you, close friend, or family member ever been employed by Dwight Howard or 12 Bray, LLC.?

14.    Do any of you know Counsel for Plaintiff, Regina S. Molden, or any of the Attorneys or Staff at the law firm, Molden & Associates located in Atlanta, Georgia?

15.    Have you, a close friend, or family member ever been employed by Molden & Associates?

16.    Have you, close friend, or family member ever engaged Molden & Associates for legal services?

17.    Do any of you know Counsel for Defendants, Paul Howard, or any of the Attorneys or Staff at The Paul Howard Law Firm in Atlanta, Georgia?

18.  Have you, close friend, or family member ever been employed by The Paul Howard Law Firm?

19.  Have you, close friend, or family member ever been represented by The Paul Howard Law Firm?

20.  Has anyone formed an opinion about this case, the parties, or the attorneys in this case?

21.  If the law and evidence warranted, would you be able to render a verdict in favor of the Plaintiff, regardless of any sympathy you may have for either Party?

22.  Do any of you know any of the following individuals, who may be called as witnesses in this case?  [Read list of potential witnesses]

**Previous Jury/Witness Experience:**

23.  Has anyone previously served as a juror in either a criminal or civil case?

24.  For those who have served on a trial jury, who served in a criminal trial?

25.  For those who have served on a trial jury, who served in a civil trial?

26.  For those who have served on a trial jury, who was able to reach a verdict?

27.  For those who have served on a trial jury, who acted as foreperson?

28.  Has anyone previously served as a witness in a civil or criminal trial?

29.  For those who have served as a witness, who served in a criminal trial?

30.    For those who have served as a witness, who served in a civil trial?

31.    For those who have served as a witness, who was called by the Plaintiff/State?

32.    For those who have served as a witness, who was called by the Defendant?

**Previous Litigation Experience:**

33.    Have you, a close friend, or family member ever filed a Charge of Discrimination with the EEOC?

34.    Have you, close friend, or family member ever filed a complaint with the Georgia Department of Labor?

35.    Have you, close friend, or family member ever sued anyone or commenced a lawsuit, excluding divorce proceedings?

36.    Have you, close friend, or family member ever been sued or named as a defendant in a lawsuit, excluding divorce proceedings?

37.    For those who have been a party to a lawsuit, were you satisfied with the outcome of the case?

38.    Would anyone hesitate or have an issue with commencing a lawsuit, if you were the victim of any type of employment discrimination?

39.    Have you, a close friend, or family member ever been a victim of harassment, that led you to file an internal complaint with your employer?

40.    Have you, a close friend, or family member ever experienced harassment in

the workplace, but declined to file any type of complaint or grievance?

**Professional Experience:**

41.    Has anyone ever owned a business with employees?

42.    Has anyone ever been employed as an Office Manager?

43.    Have you ever attended law school, practiced law, or been employed at a legal office?

44.    Does anyone have any training or experience in the area of employment law?

45.    Has anyone ever been employed in a position, where you were responsible for hiring and/or terminating employees?

46.    Has anyone ever been employed in a human resources position?

47.    Has anyone ever been employed in a position, where you had managerial authority?

48.    Have you, a close friend, or family member ever filed a complaint against an employer?

49.    Have you, a close friend, or family member ever been in a legal dispute or litigation with a former employer?

50.    Has anyone ever had their employment terminated without receiving a write-up, reprimand, discipline, or similar adverse employment action?

51.    Has anyone ever worked in a position where your employer and/or supervisor

failed to address your complaints of failure to pay overtime?

52. Has anyone ever worked in a position where a supervisor and/or employer allowed or required you to work overtime without pay?

53. Has anyone ever worked in a position where a supervisor and/or employer failed to pay wages as promised?

54. Has anyone participated in a meeting with a supervisor or employer, who terminated your employment without warning and purportedly based upon reasons that were raised for the first time during the meeting?

## **Attachment B-2**
### **(Defendant's General *Voir Dire* Questions)**

## Attachment C
### (Plaintiff's Outline of the Case)

**Plaintiff's Succinct Factual Summary:**

Defendant 12-Bray possesses, manages, and operates Dwight Howard's personal residences, personal properties, businesses, and employees in several States. Howard, who is a professional basketball player, employs several individuals, including an estate manager, maids, housekeepers, landscapers, gardeners, nannies, cooks, butlers, and security personnel. However, 12-Bray has no corporate policies, procedures, and/or rules. 12-Bray merely exists to satisfy Howard's personal needs and desires.

Plaintiff Pellegrino served in several professional positions before meeting Howard, including, but not limited to, Property Manager and Home Inspector with Handy Hands, LLC, Foreman with Kemron, as well as Project Manager and Field Chemist with Chemical Detection Services. From 2017 until 2020, Pellegrino served as Foreman and Project Manager for Environmental Restoration Services, an emergency response company for hazardous material spills and environmental disasters.

After the birth of Pellegrino's child, Pellegrino stopped working for Environmental Restoration Services, which required him to be on call 24 hours a

day, 7 days a week. Because Pellegrino's mother had previously worked for 12-Bray and Howard as a nanny and live-in assistant, Pellegrino was advised that Defendants needed to fill an Estate Manager position. Following several communications between Pellegrino and Howard concerning the position, Pellegrino resigned from his job with Environmental Restoration Services.  On or about January 24, 2020, Pellegrino began serving as Howard's and 12-Bray's Estate Manager, performing a number of duties, ranging property maintenance and running errands to helping supervise security. In exchange for Pellegrino's service, Howard and 12-Bray agreed to compensate Pellegrino at the rate of $750.00 per week during the probationary period and, at the conclusion of the probationary period, Howard and 12-Bray agreed to compensate Pellegrino at the rate of $80,000.00 annually.  Pellegrino diligently and professionally performed all duties and assigned tasks. As such, Howard routinely praised Pellegrino for excellent professional performance and being a "jack-of-all-trades."

Because of his overwhelming responsibilities, Pellegrino was required to reside at the Estate, where Pellegrino was tasked with around-the-clock Estate management, security, and butler duties for Howard and his guests. As such, Pellegrino was forced to remain at the Estate 24 hours a day, 7 days per week, except when Pellegrino left the Estate to perform other duties for 12-Bray and Howard,

including, but not limited to, shopping, car maintenance, and/or shipping items for Howard. Therefore, Pellegrino worked approximately 20 hours per day and 140 hours per week. Despite Pellegrino's diligent and loyal performance, Defendants refused to compensate Pellegrino at the agreed-upon annual salary and/or FLSA-mandated rates. As such, Pellegrino repeatedly complained to Howard, and other 12-Bray employees, about the failure and/or refusal to compensate Pellegrino at the agreed-upon annual salary and/or FLSA-mandated rates. Often, Howard responded that Pellegrino would be paid as promised once Howard changed banks and accountants. However, Howard and 12-Bray never compensated Pellegrino as promised.

At some point, Howard discovered that Pellegrino had a previous relationship with the mother of one of his children, Mellissa Rios.  Howard did not take the news well and began telling guests and co-workers to watch-out for, and not trust, Pellegrino. Likewise, Howard began spreading false, negative information about Pellegrino's character to Estate guests and co-workers. For example, Howard routinely told people that Pellegrino was untrustworthy and a thief.  Eventually, Howard falsely accused Pellegrino of stealing a $250,000 ring.  On or about January 26, 2022, Howard simply stated that Pellegrino's services were "no longer needed" and terminated his employment.

**Plaintiff's Relevant Legal Authority:**

**Plaintiff's Damages:**

(a)    FLSA Wages: 29 U.S.C. § 260 - Plaintiff is entitled to liquidated monetary damages in an amount equal to double the unpaid wages during the course of employment;

(b)    FLSA Retaliation: 29 U.S.C. § 216 – Plaintiff is entitled to liquidated monetary damages in an amount equal to double the payment of lost wages, front pay, and other legal or equitable relief as may be appropriate to effectuate the purposes of the FLSA's anti-retaliation provision;

(c)    FLSA Attorney's Fees: 29 U.S.C. § 216 – Plaintiff is entitled to an award of the reasonable attorney's fees and costs associated with the prosecution of the above-captioned case;

(d)    Breach of Contract: O.C.G.A. § 13-6-2 – Plaintiff is entitled to monetary damages that arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probably result of its breach;

(e)    Unjust Enrichment: O.C.G.A. § 9-2-7 – Plaintiff is entitled to an award based upon the reasonable value of the benefit conferred upon Defendants;

(f)    Defamation – Plaintiff is entitled to an award of damages in an amount necessary to compensate Plaintiff for the injury suffered;

(f)    Punitive Damages – O.C.G.A. § 51- 12-5.1(g) – Plaintiff is entitled to an award of punitive damages in an amount to deter, penalize, and/or punish Defendants in an amount not to exceed $250,000.00.

**<u>Attachment D</u>**

**Defendants' General and Affirmative and General Defenses**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Some or all of the allegations in Plaintiff's Complaint are time barred and beyond the applicable statute of limitations.

**THIRD DEFENSE**

Plaintiff is estopped from asserting some or all of his claims.

**FOURTH DEFENSE**

Defendants did not breach any contractual obligations, and Plaintiff therefore cannot recover on any purported contract.

**FIFTH DEFENSE**

Plaintiff is collaterally estopped from asserting all or some of his claims.

**SIXTH DEFENSE**

Plaintiff's claims are barred by res judicata.

**SEVENTH DEFENSE**

Any duty or obligation, contractual or otherwise, which Plaintiff claims is owed to him has been fully performed, satisfied, or discharged.

## EIGHTH DEFENSE

Any alleged actions by Defendants were made in good faith and in compliance with the Portal-to-Portal Act, 29 U.S.C. § 251, et. seq.

## NINTH DEFENSE

Any alleged act or omission complained of was in good faith, in actual conformity with, and in reliance on applicable written administrative regulations, orders, rulings, approvals, or interpretations of the U.S. Department of Labor or other agency.

## TENTH DEFENSE

Defendants are not covered enterprises or employers under the Fair Labor Standards Act ("FLSA"), and Plaintiff therefore cannot recover under the FLSA on any purported theory of recovery.

## ELEVENTH DEFENSE

Defendants did not violate the FLSA, and Plaintiff therefore cannot recover under the FLSA on any purported theory of recovery.

## TWELFTH DEFENSE

Neither Defendants nor their officers, directors, managers, or agents knew or intended that their acts or omissions, which they deny, were prohibited by the nor

did they show reckless indifference to or disregard for the requirements of the FLSA or ratify any such acts or omissions.

## THIRTEENTH DEFENSE

To the extent Plaintiff worked more than his scheduled hours, he did so without Defendants' actual or constructive knowledge and in violation of Defendants' policies.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## FIFTEENTH DEFENSE

Any actions or omissions toward Plaintiff that he complains of were based on good, sufficient, and legal cause, upon reasonable grounds for belief in their truth or justification and were taken in good faith and without malice.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the equitable doctrine of avoidable consequences.

## SEVENTEENTH DEFENSE

To the extent Plaintiff seeks to recover waiting time and/or other statutory penalties, Plaintiff has failed to state a claim for such penalties because Defendants did not willfully or intentionally fail to pay any compensation to Plaintiff.

## EIGHTEENTH DEFENSE

There is a good faith dispute as to Defendants' obligation to pay wages as alleged in the Complaint, which precludes Plaintiffs recovery for waiting time penalties.

## NINETEENTH DEFENSE

Plaintiff has failed to plead facts with sufficient particularity to support a claim for liquidated damages.

## TWENTIETH DEFENSE

Plaintiff may not recover liquidated damages because neither Defendants nor any of their officers, directors, managers, or agents committed any willful violation of the overtime or record-keeping provisions of the FLSA, nor did they ratify any such violation.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because he was properly classified as exempt from the overtime requirements of the FLSA.

### TWENTY-SECOND DEFENSE

Any alleged violation of the FLSA, if any, which Defendants deny, resulted from inadvertence and negligence because at all relevant times Defendants honestly intended to ascertain the FLSA's requirements and comply with them.

### TWENTY-THIRD DEFENSE

Any wages owed, which Defendants deny exist, are subject to allowable deductions or set-off.

### TWENTY-FOURTH DEFENSE

Plaintiff is not legally entitled to punitive damages or attorney's fees and expenses of litigation.

### TWENTY-FIFTH DEFENSE

The damages alleged by Plaintiff and relief sought are speculative in nature.

### TWENTY-SIXTH DEFENSE

Defendants were not the proximate cause or cause in fact of any of Plaintiffs alleged damages.

**TWENTY-SEVENTH DEFENSE**

Plaintiff cannot recover for unjust enrichment based on the doctrine of unclean hands.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs claim for defamation is barred because the statements allegedly concerning the Plaintiff do not constitute libel or slander nor are such statements defamatory.

**TWENTY-NINTH DEFENSE**

Any alleged statements made by Defendants which create the basis for Plaintiff's claim for defamation are statements of truth or opinion.

**THIRTIETH DEFENSE**

Defendants raise all affirmative defenses set forth in Fed. R. Civ. P. 8(c) and O.C.G.A. § 9-1 1-8(c).

**THIRTY-FIRST DEFENSE**

To the extent as may be shown by the evidence through discovery, Defendants assert the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff and/or the decedent to avoid consequences, failure to

mitigate damages, accord and satisfaction, arbitration and award, duress, estoppel, laches, release, res judicata, statute of limitations, and waiver.

## THIRTY-SECOND DEFENSE

Defendants reserve the right to reasonably amend these affirmative defenses as needed or as warranted by discovery in this case.

**Defendants state they intend to rely upon federal and state law, including but not limited to the following:**

(a)     Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.;

(b)     Federal case law interpreting the FLSA;

(c)     United States Department of Labor regulations, rules, and guidance relating to the FLSA;

(d)     Federal laws regarding payment of attorney's fees including 29 U.S.C. § 216;

(e)     Georgia law regarding breach of contract, unjust enrichment, quantum meruit, and defamation;

(f)     Georgia statutes regarding payment of attorney's fees, including O.C.G.A. § 13-6-11;

(g)     Damages: Federal law regarding damages under the FLSA including 29 U.S.C. § 216, federal case law interpreting the FLSA, and federal common law principles involving damages; O.C.G.A. § 51-12-5.1, Georgia and federal common law principles involving damages, and related case law; and

**<u>Attachment E</u>**
**<u>(Facts Stipulated by the Parties)</u>**

Not Applicable

**<u>Attachment F-1</u>**
**(Plaintiff's Witness List)**

**Plaintiff Will Call the Following Witnesses:**

1.   *Louis Pellegrino,* c/o Plaintiff's Counsel – Pellegrino's employment with Defendants, hours worked and complaints about failure to pay overtime; Defendants failure to properly compensate Plaintiff, breach of contract and defamatory actions, as well as other facts related to the claims asserted in this matter.

2.   Vesta Pellegrino – Ms. Pellegrino is Plaintiff Pellegrino's mother who also worked for Defendants.  Ms. Pellegrino has information about Plaintiff's work hours and the type of work performed by Plaintiff.

**Plaintiff May Call the Following Witnesses:**

1.   All Witnesses listed by Defendant.  Plaintiff also reserves the right to call additional rebuttal witnesses based upon the testimony at trial.

**Attachment F-2**
**(Defendant's Witness List)**

|   | Individual | Subjects |
|---|---|---|
| 1 | Dwight David Howard (may be contacted through counsel) | Plaintiff's employment, conduct, performance, pay, and termination |
| 2 | Joyce Larkins (may be contacted through counsel) | Plaintiff's employment, conduct, performance, pay, and termination |
| 3 | Connie E. Webb (818)-943-9276 | Plaintiff's pay |
| 4 | Vesta Pellegrino | Plaintiff's employment, conduct, performance, pay, and termination |
| 5 | Plaintiff Louis Pellegrino | Plaintiff's employment, conduct, performance, pay, and termination |
| 6 | Dwight Howard, Sr. (may be contacted through counsel) | Plaintiff's employment, conduct, performance, pay, and termination |
| 7 | Sheryl Howard (may be contacted through counsel) | Plaintiff's employment, conduct, performance, pay, and termination |

**Attachment G-1**
**(Plaintiff's Document/Evidence List)**

| Exhibit | Description | Admitted | Denied |
|---------|-------------|----------|--------|
| 1 | Time Sheets<br>PELLEGRINO 000009 - 000030 | | |
| 2 | Late Work Text Messages<br>PELLEGRINO 000031 – 000074 | | |
| 3 | Emails<br>PELLEGRINO 000982 – 000994 | | |
| 4 | Tasks & Responsibilities<br>PELLEGRINO 001117 – 001218 | | |
| 5 | Expense Reimbursement<br>PELLEGRINO 000778 – 000808<br>PELLEGRINO 000619 - 000626 | | |
| 6 | Text Message with Paul Howard re<br>Hours and Termination<br>PELLEGRINO 000754 – 000759 | | |
| 7 | Text Message with Dwight Howard re<br>Hours and Rate<br>PELLEGRINO 000259 - 000261 | | |
| 8 | Pellegrino and Howard Video<br>PELLEGRINO 000967 | | |
| 9 | Text Message with Charles<br>PELLEGRINO 001228 - 001229 | | |
| 10 | Form 1099 2020<br>12BRAY 000001 | | |
| 11 | Form 1099 2021<br>12BRAY 000002 | | |
| 12 | Confidentiality, Non-Disclosure and<br>Limitations of Vendor Agreement<br>12BRAY 000003 | | |
| 13 | Connie Text Messages re Pellegrino<br>12BRAY 000005 - 000007 | | |

Attached hereto as Attachment "G-1" for the plaintiff are the typed lists of all documentary and physical evidence that will be tendered at trial.

**List of Learned Treatises**

Not Applicable

**Plaintiff's Objections to Defendant's Exhibits**

Not Applicable

### Attachment G-2
### (Defendant's Document/Evidence List)

| Exhibit | Description | Admitted | Denied |
|---------|-------------|----------|--------|
| 1 | Plaintiff's payroll documentation | | |
| 2 | Plaintiff's tax documentation | | |
| 3 | Correspondence regarding Plaintiff's payroll status | | |
| 4 | Correspondence between Plaintiff and Defendant | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |

## List of Learned Treatises

## Defendant's Objections to Plaintiff's Exhibits

**<u>Attachment H-1</u>**
**(Plaintiff's Trial Briefs)**

**Not Applicable.**

**<u>Attachment H-2</u>**
**(Defendant's Trial Briefs)**

# Attachment I
## (Verdict Form)

## FLSA Overtime Claim:

We, the jury, find for Plaintiff and against Defendants in the amount of $_____ with respect to the FLSA failure to pay overtime claim; or

We, the jury, find for Defendants and against Plaintiff with respect to the FLSA failure to pay overtime claim. _____

## Breach of Contract Claim:

We, the jury, find for Plaintiff and against Defendants in the amount of $_____ with respect to the Breach of Contract claim; or

We, the jury, find for Defendants and against Plaintiff with respect to the Breacho f Contract claim. _____

## Defamation Claim:

We, the jury, find for Plaintiff and against Defendants in the amount of $_____ with respect to the Defamation claim; or

We, the jury, find for Defendants and against Plaintiff with respect to the Defamation claim. _____

**<u>Punitive Damages:</u>**

Punitive damages should be assessed against Defendants  Answer Yes or No

_____

If "Yes," in what amount?

_____   _____

_____

SO SAY WE ALL

Date:  _____        _____
                                                                FOREPERSON'S SIGNATURE