IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA ATLANTA DIVISION

| | |
|---|---|
| LOUIS GREGORY PELLEGRINO, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO. 1:22-cv-01264 |
| 12-BRAY, LLC, and DWIGHT DAVID HOWARD, | The Honorable William M. Ray, II |
| Defendants. | |

## MOTION FOR ENTRY OF A PROTECTIVE ORDER AND A RULE OF EVIDENCE 502(d) ORDER

Defendants 12-Bray, LLC, and Dwight David Howard ("Defendants") move for entry of a Protective Order attached as Exhibit A and a Rule of Evidence 502(d) Order attached as Exhibit B, and in support, state as follows:

<u>Conferral</u>.  Counsel for Defendant emailed Plaintiff's counsel to confer about the requested protective orders on June 23, 2023 and July 20, 2023.  No response to these inquires was received and as a result Defendants believe the request is opposed.  Nonetheless, it bears mentioning that the request for a protection order was initiated by the Plaintiff in this case on July 28, 2022.  Indeed, at that time, the Plaintiff seemingly sought a confidentiality order to protect Mr. Howard and refused to produce the

documents responsive to Defendants' request for production until one was entered. See attached e-mail chain, affixed hereto as **Exhibit C**. Mr. Ware ultimately withdrew and the requested protection order was never finalized. To date, given the absence of this order, Defendants have not received the documents requested in their request for production, have not seen the Defendants documents disclosed in their rule 26 disclosure, and have yet to see the documents Plaintiff intends to introduce at trial.

<u>Argument</u>. The defendants propounded requests for production upon the Plaintiff on June 30, 2022. The responses to the interrogatories were produced timely; however, at that same time the requests for production were due. The RFP responses were provided; however, the documents were not. The documents were withheld subject to a confidentiality order being issued. Such an order never came to fruition and as a result Defendants have been unable to review the large amount of documents. In an effort to cure this, Defendants counsel, upon entering the case, undertook efforts to obtain the documents. Upon learning that a confidentiality order would be required, Counsel submitted a proposed protective order. Ultimately, counsel desires to have the protective order entered so that the documents Plaintiff intends to use at the trial can be reviewed prior to the trial to ensure that portions of the documents are not used without context where necessary and that Counsel can appropriately raise the doctrine of completeness at trial. Absent access to these documents, Defendants are unable to review, and prepare for the evidence that will be used against them. Given that the protection order was never advanced, a rule 37 conferral and motion is not yet ripe; however, Defendants hope that

the entry of the proposed protective order will prevent the need for a rule 37 motion to compel the production.

<u>Protective Order</u>.  Pursuant to F.R.C.P. 26, the Court has discretion to enter a protective order limiting the revelation of trade secret or other confidential business information. Good cause exists for such an exercise of discretion by the Court in this case because the parties have confidential business information that may be discoverable in this litigation. Defendant asserts that the protocol set forth in the accompanying proposed protective order in Exhibit A will facilitate discovery of such information while appropriately protecting it.

<u>Stipulated Rule of Evidence 502(d) Order</u>.  Pursuant to Federal Rule of Evidence 502(d), the Court "may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other proceeding."

Good cause exists because the parties each possess documents that may be afforded protection under the attorney-client or other privilege, to include documents associated with a executed non-disclosure agreement entered into between Plaintiff and Defendant Howard.

Defendants submit that the protocol set forth in the accompanying proposed order attached as Exhibit B will facilitate discovery in this proceeding, while appropriately protecting their respective interests in maintaining the privilege in their documents. Pursuant to Federal Rule of Evidence 502(d), Defendant respectfully request that the Court enter the proposed order.

WHEREFORE, for the reasons set forth above, and pursuant to F.R.E. 502(d), the Defendants respectfully request that the Court enter the proposed Orders.

Respectfully submitted this 26th day of July 2023.

                                        Goede, DeBoest & Cross, PLLC

                                        *s/ Justin T. Bailey*
                                        Justin T. Bailey, Esquire (Pro Hac Vice)
                                        Goede, DeBoest & Cross, PLLC
                                        Peter J. Cambs, Esquire ( Pro Hac vice)
                                        Goede, DeBoest & Cross, PLLC
                                        6609 Willow Park Dr., 2nd Floor
                                        P: (239) 300-9661
                                        jbailey@gadclaw.com
                                        pcambs@gadclaw.com
                                        *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day submitted the foregoing upon all parties to this matter by electronically filing same with the CM/ECF filing system, and that service will be accomplished by the CM/ECF system:

                                        *s/ Justin T. Bailey*
                                        Justin T. Bailey, Esquire (Pro Hac Vice)
                                        *Counsel for Defendants*