## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## GEORGIA ATLANTA DIVISION

| | |
|---|---|
| LOUIS GREGORY PELLEGRINO, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO. 1:22-cv-01264 |
| 12-BRAY, LLC, and DWIGHT DAVID HOWARD, | The Honorable William M. Ray, II |
| Defendants. | |

## PROTECTIVE ORDER

THIS MATTER, having come before the Court on the Motion for The Entry of a Protective Order and a Federal Rule of Evidence 502(d) Order, the Court, having fully reviewed that Motion, IT IS HEREBY ORDERED THAT:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

1



2.      Documents or information produced or provided by the parties during the course of discovery in the above-captioned matter may be designated as "Confidential Information" so long as the Party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

3.      "Confidential Information" means any document, record, file, portions of files, including any extract, abstract, chart, summary, note, information, or copy made therefrom – not made available to the public – and designated as either (a) "CONFIDENTIAL" or (b) "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" in accordance with Paragraphs 8 and 9 of this Order, and any aggregation of Confidential Information.  Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of the above-captioned case, (the "Litigation").  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the Producing Party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Producing Party.

4.      "Confidential Information" may also include:

a. Documents or information set forth in response to discovery requests, including initial disclosures and in response to a subpoena;

b. Information set forth in documents produced in response to a request for production;

c. Documents or information disclosed during depositions;

d. Any other documents or information disclosed by the Producing Party to any other Party, directly or through its counsel, that the Producing Party

claims in good faith to be Confidential Information, if the Producing Party, before disclosure to another Party, marks the Confidential Information with the label or stamp as set forth in Paragraphs 8 and 9 below. If the Confidential Information is in oral or other intangible form, the Producing Party shall identify the information as Confidential Information; or

e. Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (a) through (d) above.

5.      The term "document" is meant broadly, and means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

6.      "Producing Party" means a Party that produces Confidential Information or other information in connection with this Litigation or designates as Confidential Information documents or information produced by another Party or a third Party.

7.      "Recipient" means a named Party in this Litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the Litigation.

a. The Producing Party may designate as Confidential Information any information the Producing Party believes to be confidential, including, without limitation, (i) non-public personal information about any individual Party to this Litigation, or other information incorporating or aggregating information pertaining to individuals; (ii) non-public information about the finances or business practices of any Party to this Litigation; and (iii) trade

secrets or other non-public proprietary, strategic or commercial information, intellectual property information, data or research of any named Party in this Litigation. A Producing Party may designate as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any CONFIDENTIAL information in categories (ii) or (iii) that the Producing Party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the Producing Party.

b. To designate a document as Confidential Information, the Producing Party shall place a legend or stamp upon the document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that the document contains Confidential Information, whether that Confidential Information is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.

c. To designate Confidential Information in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until thirty (30) days after receipt of the transcript.

8. The Recipient of Confidential Information shall use that information solely in connection with this Litigation, and shall not disclose Confidential Information to any person except:

a. Attorneys actively working on this Litigation;

4

b. Persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by the attorneys in preparation for trial, at trial, or at other proceedings in this Litigation;

c. The Parties and designated representatives of the Parties;

d. Expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for preparation, trial or other proceedings in this Litigation;

e. The Court and its employees ("Court Personnel");

f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this Litigation;

g. Deponents, witnesses, or potential witnesses only to the extent necessary for their testimony in this Litigation; and

h. Other persons by written agreement of the Parties.

9. The Recipient of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall use that information solely in connection with this Litigation, and shall not disclose any such HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to any person except individuals in categories a., b., d., e., f., g., and h., but only to the extent any person in categories d., e., f., g., and h consent in writing to be bound by the terms of this protective order in accordance with paragraph 10 below.

10. Prior to disclosing Confidential Information to a person listed in paragraph 8 above (other than the Parties, counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide each person with a copy of this

5

Protective Order and obtain from each person an affidavit in the form of Exhibit A, attached, stating that he or she has read this Protective Order and agrees to be bound by its provisions. A Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by the qualified recipients of such Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

11.     If any Party objects to the designation of certain documents or information as Confidential Information, such Party shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If, after such good faith attempt, all counsel are unable to resolve their dispute, the Party may move for a disclosure order consistent with this Protective Order and the Court's pretrial orders. During the pendency of such dispute or application, and until the Court may rule otherwise, the documents or information designated as Confidential Information shall remain subject to the designations and restrictions of this Order.

12.     Inadvertent failure to designate documents or information as Confidential Information shall not be construed as a waiver, in whole or in part, and may be corrected by the Producing Party by written notification to the Recipient promptly upon discovery of the failure to designate.

13.     No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the Litigation.

Notwithstanding any other provision herein, this Order places no limitation or restriction on the permissible use by any Party of any document or information, whether designated Confidential Information or not, rightfully in his or her possession prior to the filing of the original Complaint in this Action.

14.     Within thirty days after the conclusion of this Litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information, or, alternatively, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed. Notwithstanding the above, counsel for each Party may retain one copy of the Confidential Information for the sole purpose of maintaining a complete file. Further, the Parties are not obligated to destroy their own Confidential Information nor are they required to destroy copies of Confidential Information that they rightfully possessed prior to this Litigation.

15.     If the Recipient seeks to file the Producing Party's Confidential Information in the public record (such as through an exhibit to a public pleading on ECF), it shall provide at least 72-hour notice to the Producing Party of the Confidential Information to be filed, so that the Producing Party may file a motion to seal pursuant the Local Rules of this Court. If no motion is filed or the Producing Party otherwise informs the Recipient that it shall not file a motion, then the Recipient may file the Confidential Information in ECF. If the Recipient is unable to or does not provide 72-hour notice to the Producing Party, then the Recipient must file a motion to seal the Confidential Information pursuant to the Local Rules of this Court, at which point the Court will determine whether the information marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" shall remain under seal or shall be publicly filed.  Nothing in this provision or in this Order shall prohibit a Producing Party from filing or otherwise making public its own Confidential Information; provided, however, making Confidential Information public may result in a waiver of the protections of this Order for that Confidential Information.

16.     Whether information that becomes a matter of public record in any other manner may still be subject to protection as confidential shall be determined according to the standards and procedures set forth in paragraphs 2 through 16 of this Order.  The owner of Confidential Information shall be able to seek protection of that information in accordance with this Order even if it did not produce that information in discovery.

17.     Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege.   Further, inadvertent production of privileged information shall not waive the privilege.  If privileged information is inadvertently produced, the Recipient agrees that, upon request from the Producing Party, it shall promptly return all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

18.     Nothing in this Order shall prohibit any Party from objecting to the production or disclosure of Confidential Information solely on the grounds that such documents or information are confidential or sensitive, or on any other grounds.

19.     In the event a Party or their counsel obtain documents or information belonging to any other Party from a third Party that the Party to whom the documents or information belong believes is confidential, that Party may designate such documents or

information Confidential Information pursuant to this Order and it shall be treated as such in accordance with this Order.

20.     If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

21.     The terms of this Protective Order shall have no effect on the Parties' position as to the authenticity or admissibility of documents produced subject to it.

22.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under F.R.C.P. 26(c), or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

23.     Nothing contained in this Protective Order shall preclude any Party from using its own Confidential Information in any manner it deems appropriate, without prior consent of any Party or the Court.

24.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

25.     The termination of this action shall not relieve the Parties, counsel, or other persons obligated under this Order from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

Dated this 26th day of July, 2023

BY THE COURT:

_____
United States District Judge

  
## EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# GEORGIA ATLANTA DIVISION

| | |
|---|---|
| LOUIS GREGORY PELLEGRINO, | |
| Plaintiff, | |
| vs. | CIV. ACTION NO. 1:22-cv-01264 |
| 12-BRAY, LLC, and DWIGHT DAVID HOWARD, | The Honorable William M. Ray, II |
| Defendants. | |

## AFFIDAVIT

I, _____, swear or affirm and state under penalty of perjury:

    1.    I have read the Protective Order which has been entered in the above-captioned matter.

    2.    A copy of the Protective Order is attached to this Affidavit.

    3.    I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

4.      I promise that I will not divulge, or undertake to divulge, to any person or any recording or duplicating service, any Confidential Information shown, told, or disclosed to me except as authorized in the Protective Order.

5.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the above-captioned case.

6.      I will abide by the terms of the Protective Order.


Executed this _____ day of _____, 2023.